OPINION OF THE COURT
Nicholas L. Pitaro, J.
The respondent seeks a termination of a child support order of this court on the ground that the mother refused to make arrangements for the respondent for visitation with the parties’ three children.
The petitioner in this action is the State of New Jersey which instituted a Uniform Support of Dependents Law (USDL) proceeding in order to recoup a portion of the public assistance moneys being paid to the mother.
The parties involved herein are married and the court is unaware of any pending divorce action. The respondent produced no order of visitation from either the New York or New Jersey courts.
Pursuant to section 34-a of the Domestic Relations Law, the courts of either the initiating county or the responding county shall have the power to make reasonable provisions for visitation of children. However, this power is expressly limited by the statutory language to proceedings wherein the petitioner and the respondent are “residents of or domiciled or found in different counties within *1002 the state of New York” and, therefore, is inapplicable to the present proceeding.
Even though this court lacks the power to provide for visitation, the respondent is not left without a remedy. In cases where the father lives apart from the mother and children, the father is free to go to the domicile of the mother to institute an action concerning visitation. This course of action is particularly appropriate in this case due to the proximity of Astoria, New York, the domicile of the respondent father, to Bergen County, New Jersey, the domicile of the mother and the children.
Moreover, a suspension of the child support order would have no effect on the amount of money received by the mother and thereby would fail to serve as an encouragement to the mother for permitting visitation. In a letter to the court dated January 8, 1981 from the Bergen County (New Jersey) Welfare Board, Richard P. Williams, Assistant Counsel, wrote: “[Suspension of the support order] would be patently unfair to the public agency which brought this action and is seeking some reimbursement of the public monies which it is expending for the respondent’s children. Suspending the Order would have absolutely no coercive effect upon the recipient of assistance to compel her to allow visitation as her grant of assistance would not be reduced.”
For the reasons stated above, the respondent’s petition is dismissed and the support order for the children is continued. The court urges the respondent to seek visitation in an appropriate forum, i.e., the Juvenile and Domestic Relations Court of Bergen County, New Jersey.